642

### Andre BOLDUC v. Laurie COURTEMANCHE

[603 A.2d 1129]

No. 90-145

January 13, 1992. The father appeals from an order by the presiding superior court judge awarding custody of his two minor children to their mother following a parentage action. Because we cannot determine whether the presiding judge's order rests on the findings of fact made by the assistant judges or on the findings made by the presiding judge, we vacate the order and remand.

Following a two-day hearing before the superior court, the two assistant judges prepared an order awarding custody to the father. The presiding judge did not sign that order. Two days later, the assistant judges issued findings of fact and conclusions of law. The presiding judge disagreed with some of those findings and with the conclusion that custody should be with the father. She prepared her own findings and conclusions. The two assistant judges were unavailable when she later signed a new order awarding custody to the mother. The record contains ambiguous and equivocal statements by the presiding judge concerning whether she took the assistant judges' factual findings into account when reaching her conclusion and issuing her order. She clearly ruled that the award of custody involved a mixed question of law and fact.

The first issue presented is whether the order prepared by the assistant judges had any effect. It did not. Title 4 V.S.A. § 112 makes clear that "questions of law shall be decided by the presiding judge" and that "[m]ixed questions of law and fact shall be deemed to be questions of law." 4 V.S.A. § 112(b). Furthermore, "[t]he presiding judge alone shall decide which are questions of law, questions of fact, and mixed questions of law and fact." *Id.* The conclusions to be drawn from the facts found are conclusions of law which are to be decided by the presiding judge. Here, the assistant judges lacked authority to award custody, and their order awarding custody to the father is a nullity.

The second issue is the effect of the order prepared by the mother's attorney and signed by the presiding judge. As the order required the application of the law to the facts found, it was proper for the presiding judge alone to prepare and sign the final order. 4 V.S.A. § 112(b). The presiding judge, however, must base conclusions of law on the factual findings of the court. V.R.C.P. 52(a). The "court" consists of the "majority of the judges of a superior court." V.R.C.P. 83(1).

Here, the assistant judges prepared factual findings. The presiding judge disagreed with some of those findings and prepared her own. The record reveals uncertainty about whether she based her conclusion and order on the assistant judges' findings, her own findings, or both. The assistant judges' factual findings must be taken as the findings of the court in this matter because they were made by a majority of the court. The findings of the presiding judge, to the extent that they are inconsistent with those of the assistant judges, are without effect. On remand, the presiding judge must apply the law to the findings made by the assistant judges in awarding custody.

*Order vacated and cause remanded.*