**Darren WOODBURY v. Patty WOODBURY**

[641 A.2d 367]

No. 93-106

February 28, 1994. In this divorce, both parties sought custody of their two young children. By agreement, the children were to spend alternate weeks with each parent. The court ordered legal and physical rights and responsibilities (custody) to mother. Father was given visitation (parent-child contact) on the agreed-upon schedule. The issue of child custody was close, and the court, consisting of the presiding judge and one assistant judge, disagreed as to the outcome of custody. Father appealed. We affirm.

The court's findings of fact were signed by the two judges, but the assistant judge placed the word "dissent" in parenthesis after her signature. About two weeks later, the assistant judge filed a dissenting opinion in which she agreed with most of the facts, noting her few exceptions, and made additional findings of fact.

Father first claims that the dissent triggered 4 V.S.A. § 457(d), which requires declaration of a mistrial when a court consisting of the presiding judge and one assistant judge "do not agree on a decision." In *Bolduc v. Courtemanche,* 158 Vt. 642, 603 A.2d 1129 (1992), we held that assistant

judges may not award custody. Nevertheless, the presiding judge must make the custody determination based on the findings of fact of the court, which include the findings of fact of the assistant judges. *Id.* Thus, merely because the two judges in this case differed in some of the findings of fact does not automatically lead to a mistrial. We must decide if the disagreement on the facts caused the presiding judge's custody determination to be wrong as a matter of law. We conclude that the disagreement here over some of the facts was not critical to the presiding judge's decision on custody, and a mistrial was not required.

Father argues despite *Bolduc* that assistant judges have the authority to make custody determinations under the criteria set forth in 15 V.S.A. § 665(b). We disagree because such determinations are mixed questions of law and fact, which under 4 V.S.A. § 457(b) are to be decided by the presiding judge. A custody determination involves the application of numerous facts about the parent-child relationship to the "best interests of the child" set forth largely as criteria or standards in 15 V.S.A. § 665(b) (eight factors enumerated). This application is a classic question of mixed law and fact. Insofar as father suggests that the Vermont Constitution permits an assistant judge, contrary to the statute, to decide mixed questions of fact and law, he has inadequately briefed the issue.

Finally, father contends the custody determination was not supported by the findings. The presiding judge acknowledged that this was a very close case and tipped the balance in favor of mother because she had been the primary care-provider. See *Harris v. Harris*, 149 Vt. 410, 418–19, 546 A.2d 208, 214 (1988) (primary-care-provider criterion entitled to great weight). Given the deference we give the family court's discretion, we cannot conclude the custody determination was clearly erroneous. *Nickerson v. Nickerson*, 158 Vt. 85, 88–89, 605 A.2d 1331, 1333 (1992).

*Affirmed.*