## Richard SUNDSTROM v. Bobbi Jo SUNDSTROM

[816 A.2d 439]

No. 02-058

October 28, 2002. Appellant mother appeals from a retrial order of the Addison Family Court striking its earlier decision to deny father's motion to modify parental rights and responsibilities. Mother argues on appeal that the court erred because the earlier decision of the family court was a valid, final order, and as such, father's failure to appeal that decision barred the court from issuing the order for retrial. We agree, and therefore reverse and reinstate the earlier decision to deny father's motion.

On July 18, 2001, Judge Cashman, as the presiding judge of the Addison Family Court at that time, denied appellee father's motion to modify the custody provisions in the divorce order. The family court decision stated as follows: "The Court first denies the motion to modify as [a] matter of law. The father has failed to show the requisite evidence to substantiate his claim of the threshold jurisdictional requirement. . . . The Court additionally concludes, as a mixed question of law and fact, that the father has failed to provide credible factual evidence to support his arguments." The order was signed by the presiding judge only and not the two assistant judges. Father never appealed the decision to deny his motion for modification. The assistant judges later entered a notice, dated October 23, 2001, in which they disagreed with "a number of the findings of fact purported to be therein stated." Then, on November 9, 2001, Judge Katz, as presiding judge, sua sponte issued a decision in which the court declared the July 18, 2001 decision "stricken as being of no legal force and effect" without the signatures of the two assistant judges and

ordered a retrial on the motion.

Section 457(b) of Title 4 states, "In all proceedings, questions of law shall be decided by the presiding judge. Mixed questions of law and fact shall be deemed to be questions of law. . . . Neither the decision of the presiding judge under this subsection nor participation by an assistant judge in a ruling of law shall be grounds for reversal unless a party makes a timely objection and raises the issue on appeal." 4 V.S.A. § 457(b). We have previously held that a custody determination is a classic question of mixed law and fact. *Woodbury v. Woodbury*, 161 Vt. 628, 629, 641 A.2d 367, 368 (1994) (mem.). Father waived any objection to the July 18, 2001 decision by his failure to appeal. The family court decision of November 9, 2001, which ordered a retrial, was in error. Thus, we reverse the November 9, 2001 decision and reinstate the family court decision dated July 18, 2001.

*Reversed.*